J-S28045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :               PENNSYLVANIA
                                              :
                  v.                           :
                                              :
                                              :
TREVR B. KOESTNER                        :
                                              :
               Appellant              :       No. 285 MDA 2020

Appeal from the PCRA Order Entered January 29, 2020
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0006116-2017

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED AUGUST 07, 2020**

Trevr B. Koestner ("Koestner") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, counsel for Koestner[2] have filed a Motion to Withdraw as Counsel, and an accompanying **_Turner_**/**_Finley_**[3] brief.  We grant the Motion to Withdraw, and affirm the Order of the PCRA court.

In its Opinion, the PCRA court summarized the relevant factual and procedural history underlying this appeal as follows:

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The PCRA court appointed Dennis C. Dougherty, Esquire ("Attorney Dougherty"), and Barrie L. Wellener, Esquire ("Attorney Wellener") to represent Koestner.

[3] **_See Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988), and **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

On October 30, 2017, officers from the Northwest Regional Police Department and Elizabeth[town] Borough Police Department were checking the Elizabethtown area for Koestner, who had an active warrant out of Jonestown, Pennsylvania. They received information that Koestner was located in a Turkey Hill convenience store, and proceeded there. One of the officers confronted Koestner inside the store. As Koestner attempted to flee, he punched an officer in his hands and in the chest. He then pushed another officer in an attempt to get out the door of the Turkey Hill. A [t]aser was deployed and Koestner was taken into custody. While resisting arrest, Koestner knocked over several display cases inside the store and damaged merchandise. As a result of his actions, Koestner was charged at [Lancaster County docket number] 6116-2017 [("6116-2017")] with two counts of aggravated assault, [and one count each of] retail theft, resisting arrest and criminal mischief. These new charges resulted in a State Parole Violation at [Lancaster County docket number ]148-2015 [("148-2015")].[FN1]

_____

[FN1] On November 27, 2014, Koestner was discovered unconscious in a running vehicle in a parking lot in Lancaster Township. Large bundles of cash and drug paraphernalia were in plain view on Koestner's lap and on the passenger seat. A search of the vehicle, after obtaining Koestner's verbal and written consent, disclosed $5,540 cash, approximately 45 grams of suspected heroin, [] drug packaging materials[,] paraphernalia, knives, and a [vial] of the controlled substance Alprazolam. After being arrested, Koestner slipped his handcuffs under his feet[,] brought his hands to the front of him and grabbed a large amount of seized heroin from the front of the patrol cruiser. Koestner was charged[, at 148-2015,] with [possession with intent to distribute a controlled substance], tampering with evidence, possession of a controlled substance, and possession of drug paraphernalia. Pursuant to a negotiated guilty plea, Koestner received an aggregate sentence of two and one-half to six years[ of] incarceration in a state correctional institution.

_____

On September 18, 2018, Koestner tendered a negotiated guilty plea[, at 6116-2017,] to one count of aggravated assault, a reduced charge of simple assault in lieu of the originally

charged aggravated assault, resisting arrest and criminal mischief. The charge of retail theft was *nolle prossed* as a part of the negotiated agreement. After an on-the-record colloquy, [the trial court] accepted the plea and sentenced Koestner pursuant to the agreement to an aggregate term of 21 months[] to 4 years[ of] incarceration. … No post sentence motion … [or] direct appeal was filed. Koestner was represented at his plea and sentencing by … David L. Blanck, Esquire [("Attorney Blanck")].

On March 15, 2019, Koestner filed a *pro se* "Motion for Concurrent Time Clarification," requesting that the new sentence of 21 months to 4 years[ of] incarceration imposed at [] 6116-2017 be ordered [to run] concurrent [with] the prior sentence imposed at [ ]148-2015. An order was entered on April 1, 2019, granting Koestner's [M]otion. Subsequently, on June 25, 2019, the Department of Corrections notified Koestner that the new sentence at [] 6116-2017 could not, however, be served concurrently with the back[]time imposed on the State Parole Violation after he was sentenced on the new Lancaster County Charges.

As a result, on July 12, 2019, Koestner served on the court a timely *pro se* [PCRA] Petition …[,[4]] which claimed that his plea was unlawfully induced and he is innocent of the charges, and further that the sentence imposed exceeded the lawful maximum. … [O]n July 23, 2019, Dennis C. Dougherty, Esquire [("Attorney Dougherty")], was court appointed to represent Koestner[, and Attorney Dougherty's law partner, Attorney Wellener, was granted permission by the PCRA court to handle any and all court matters appointed to Attorney Dougherty.] … Attorney Wellener filed an [A]mended PCRA [P]etition claiming Koestner did not enter a knowing, intelligent and voluntary guilty plea[,] given that the sentence imposed [at] 6116-2017 was illegal in that it was made [consecutive to ]148-2015.

An evidentiary hearing was held [on] January 17, 2020. The [PCRA c]ourt heard testimony from [Attorney Blanck] and Koestner. At the conclusion of the hearing, Koestner's

_____

[4] Koestner's *pro se* PCRA Petition does not appear in the certified record and its filing is not reflected in the docket.

[A]mended PCRA [P]etition was denied on the record. A timely [N]otice of [A]ppeal was filed with [this Court] on February 13, 2020.[5] Pursuant to [the PCRA c]ourt's directive, a [Pa.R.A.P. 1925(b)] [C]oncise [S]tatement of matters complained of on appeal was filed on February 19, 2020….

PCRA Court Opinion, 2/25/20, at 1-4 (citations to record and some footnotes omitted; one footnote added).

Prior to addressing the merits of the issue raised in the *Turner*/*Finley* Brief, we must determine whether counsel has met the procedural requirements to withdraw. Counsel seeking to withdraw in PCRA proceedings

must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner[] (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se o*r by new counsel.

Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court … must then conduct its own review of the merits of the case. If

---

[5] The Amended PCRA Petition included both docket numbers, and the PCRA court issued one Order denying the Petition. However, Koestner properly filed separate Notices of Appeal, one at each docket. *See Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." (citing Pa.R.A.P. 341)). The instant appeal concerns 6116-2017.

the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510-11 (Pa. Super. 2016) (corrections and some quotations and citations omitted).

Here, counsel have provided Koestner with a copy of the Motion to Withdraw and the ***Turner***/***Finley*** Brief, and advised Koestner of his right to proceed *pro se* or with private counsel. ***See*** Motion to Withdraw, 5/1/20, at 2. Thus, counsel have complied with the procedural requirements for withdrawing as PCRA counsel. ***See Muzzy***, ***supra***. Koestner has neither retained private counsel nor submitted any *pro se* filings to this Court. Accordingly, we next address Koestner's substantive claims to determine whether they lack merit.

Koestner alleges that his guilty plea was involuntarily induced by the ineffective assistance of Attorney Blanck. ***Turner***/***Finley*** Brief at 8-13. Koestner claims that Attorney Blanck wrongly advised him that his sentence at 6116-2017 would run concurrent with any other sentence he was serving, including his sentence at 148-2015. ***Id.*** at 8-9. Koestner argues that, as a result, his plea was not "knowing, intelligent, and voluntary." ***Id.***

As this Court has explained,

[w]hen reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

- 5 -

*Commonwealth v. Lee*, 206 A.3d 1, 6 (Pa. Super. 2019) (citations omitted).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.*[,] there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

> The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made.

*Commonwealth v. Willis*, 68 A.3d 997, 1001-02 (Pa. Super. 2013) (citations and quotation marks omitted).

> In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

> 2) Is there a factual basis for the plea?

> 3) Does the defendant understand that he or she has the right to a trial by jury?

- 6 -

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004) (citation and quotation marks omitted). Furthermore, the oral colloquy may be supplemented by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings. *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. 2005).

Here, Koestner stated that he understood the nature of the charges to which he pled guilty. Guilty Plea Colloquy, 9/18/18, at 3-4; N.T., 9/19/18, at 4-7. Koestner also indicated that he understood the factual basis of the underlying charges. N.T., 9/19/18, at 7-8. Koestner acknowledged that he had a right to a trial by jury and that he was presumed innocent until found guilty. Guilty Plea Colloquy, 9/18/18, at 2. Moreover, Koestner confirmed that he was aware of the permissible ranges of sentences for the offenses charged, and that the trial court judge was not bound by the terms of the

plea agreement. Guilty Plea Colloquy, 9/18/18, at 3-4; N.T., 9/19/18, at 8-9. Koestner further stated that Attorney Blanck had fully explained the terms of the plea agreement, and that he was not forced or threatened to plead guilty. Guilty Plea Colloquy, 9/18/18, at 5, 7.

Additionally, Attorney Blanck testified at the PCRA hearing that he had advised Koestner that any sentence he received at 6116-2017 would run consecutive to his state parole back time at 148-2015. *See* N.T. (PCRA hearing), 1/17/20, at 6. The PCRA court found Attorney Blanck's testimony to be credible. *See* Trial Court Opinion, 2/25/20, at 5, 7.

Based on the totality of the circumstances, we conclude that Koestner knowingly and voluntarily entered his guilty plea. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (stating that the appellant cannot claim that he involuntarily entered a guilty plea where he stated that no one threatened him to plead guilty); *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (stating that "where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established."). Thus, because Koestner entered a voluntary, knowing, and intelligent guilty plea, his ineffectiveness claim is without merit. *See Willis*, *supra*.

Motion to Withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/07/2020